UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

HAROLD VON BROCK                                                                    PETITIONER

V.                                                              CIVIL ACTION NO.1:07CV74-GHD-JAD

LAWRENCE KELLY, et al.                                                             RESPONDENTS

REPORT AND RECOMMENDATION

The respondents have moved to dismiss the petition for habeas corpus as untimely filed. (Doc. 7). The petitioner has filed a response in opposition to the motion.

The petitioner has challenged three different Lee County convictions, two following guilty pleas and one following a trial. In Cause CR 97-577 Brock pled guilty to the sale of methamphetamine and was sentenced on May 5, 1998 to twenty years. He was sentenced the same day to three years in CR 97-578 for manufacturing marijuana. These convictions became final thirty days later[1] and in the absence of a properly filed petition for post-conviction relief in state court, the federal statute of limitations would expire one year thereafter or on June 4, 1999. Brock did not file in the state court within the one year period, therefore his period of limitation ran years before this filing.

The latest of Brock's convictions was May 24, 2000 when he convicted of possession of cocaine. The conviction and sentence were confirmed by the Mississippi Court of Appeals on July 24, 2001. A motion for rehearing was denied on September 25, 2001. Brock did not pursue

---

[1] The fact that these were suspended sentences that were revoked three months later does not alter the time calculations on the finality of the judgment of conviction. Treating the petition as a challenge to the revocation also does not affect the time calculations in this case.

1

discretionary appeal. His conviction became final fourteen days later on October 9, 2001. Brock had an application or applications for post-conviction relief pending in the Mississippi Supreme Court from September 30, 2002 until December 1, 2003. During this interval the federal statute of limitations would have been tolled. Brock had until December 10, 2003 in which to file for relief in the federal courts. His petition filed April 3, 2007 or April 4, 2007 is many years late.

Brock's response is disjointed and largely attempts to address the merits of his claims. He claims that the federal statute of limitations does not start to run until after the Mississippi three year period of limitations has run. This is simply erroneous. Title 28 U.S.C. §2244(d) provides in pertinent part, "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation...." It is not stayed during the time that a state post-conviction review can be but is not actually filed.

Brock also contends that he is subject to an exception due to newly discovered evidence, namely a Mississippi Supreme Court case. *Lewis v. State*, 765 So. 2d 493 (Miss. 2000) declared a portion of the § 41-29-139(f) unconstitutional for vagueness. The section was a self-help provision which could provide immunity in exchange for cooperation and information. The section was declared severable from the balance of the statute. Aside from the fact that this case appears to have no application to Brock's case and to fit none § 2244's alternate dates for triggering the running of the federal period of limitations, this case cannot save the petition as it is roughly as old as Brock's most recent conviction. Brock makes a vague claim that he was misled by the rules of the court. Any failure to understand the rules is not the equivalent of being actively mislead by the court or the state so as to trigger equitable tolling. Brock also claims that the law library filed a 2004 petition

for writ of certiorari with the U. S. Supreme Court when he meant to have it filed in the Mississippi Supreme Court. Any misstep after the statute had already run is immaterial. The petition is not timely, nor are grounds for equitable tolling established.

Accordingly, it is recommended that the State's motion be granted and this petition be dismissed with prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 30th day of August, 2007.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE